DECISION AND JUDGMENT
{¶ 1} Appellant, Andy Cummings, appeals the denial of a motion to suppress evidence by the Bowling Green Municipal Court. For the reasons that follow, we affirm the judgment.
 {¶ 2} On June 18, 2007, appellant was admitted to the Wood County Hospital for treatment. Appellant was given four milligrams of Dilaudid, a strong pain-killing narcotic. Following treatment, appellant was instructed not to drive due to the effects of *Page 2 
Dilaudid. After being released from the hospital, a nurse noticed appellant driving out of the parking lot in a semi-truck and notified the police.
 {¶ 3} A police officer located the semi-truck a short distance from the hospital and initiated a traffic stop. The officer asked appellant why he thought he was being stopped; appellant responded that he thought it was because of the narcotics that he received from the hospital. Appellant was then given a horizontal gaze nystagmus test. Appellant failed and was transported to the police station.
 {¶ 4} At the station, police took a urine sample and administered the walk and turn and one leg stand tests. One clue was observed on the walk and turn test, while no clues were found on the one leg stand test. Appellant was then issued three citations: R.C. 4511.19(A)(1)(a), operating a motor vehicle under the influence of a drug of abuse; R.C. 4510.21, operating a motor vehicle while under a suspension for failure to reinstate a license; and R.C. 4506.15, operating a commercial vehicle while having a measurable or detectable amount of a controlled substance in a person's blood, breath, or urine.
 {¶ 5} On October, 29, 2007, appellant filed a motion to suppress the evidence, which was denied by the trial court.
 {¶ 6} From that judgment, appellant appeals, setting forth the following assignment of error:
 {¶ 7} "The trial court erred in denying the defendant's motion to suppress."
 {¶ 8} The issue presented to the court is whether a report of a person driving under administered narcotics and the failure of a horizontal gaze nystagmus test is sufficient evidence to make an arrest for driving under the influence. *Page 3 
 {¶ 9} In motions to suppress evidence the trial court considers the sufficiency of witnesses and evidence and acts as the trier of fact.State v. Fanning (1982), 1 Ohio St.3d 19, 20. Absent an error of law, an appellate court must affirm the trial court's factual findings if they are supported by significant and reliable evidence. State v. Clink (Mar. 3, 2000), 6th Dist. No. OT-99-037, State v. Williams (1993),86 Ohio App.3d 37, 41.
 {¶ 10} The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Normally, the Fourth Amendment requires police officers to have "probable cause to believe that a traffic violation has occurred" before conducting an automobile stop.Whren v. United States (1996), 517 U.S. 806, 810. However, in cases where police officers only rely on dispatched information, the evidence discovered during the stop is admissible if the dispatcher possessed a reasonable suspicion to make the stop. City of Maumee v. Weisner (1999),87 Ohio St.3d 295, 297-98 . When considering whether the dispatcher had a reasonable suspicion courts must consider the informant's "veracity or reliability" and "basis of knowledge" under the totality of circumstances. Illinois v. Gates (1983), 462 U.S. 213, 233.
 {¶ 11} In the present case, the informant identified himself as a nurse and explained that appellant was under administered narcotics and left the hospital in a semi-truck even though he was directed not to drive. The informant then described appellant's semi-truck and the direction it was headed. As a nurse, the informant knew appellant was given Dilaudid and had a strong understanding of the drug's effect on driving. The nurse described Dilaudid as an opiate derivative that is ten times more potent than morphine. *Page 4 
This is more than adequate to demonstrate the reliability of the informant and a sufficient basis of his knowledge to create a reasonable suspicion.
 {¶ 12} The informant provided the dispatcher with a reasonable suspicion to believe that appellant was in violation of R.C. 4511.19(A)(1)(a) and R.C. 4506.15. This information was then relayed to the officer, which allowed the officer to make the traffic stop. During the traffic stop, appellant said he was under administered narcotics. The officer then administered a horizontal gaze nystagmus test, which appellant failed. Although appellant later performed well on two other tests, the informant's tip and appellant's failure of the horizontal gaze nystagmus test gave the officer probable cause to arrest appellant under R.C. 4511.19(A)(1)(a) and 4506.15. Appellant's sole assignment of error is not well-taken.
 {¶ 13} On consideration whereof, the judgment of the Bowling Green Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1